UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN O'ROURKE,<br><br>a.k.a. John O'Rouke, John Casey, Michael Casey, John Joyce, Robert Davanzo, David Collins, and James McCormack | Case No: 3:26-mj-230 (RMS)<br><br>April 8, 2026 |

**MOTION FOR DETENTION PENDING TRIAL**

**Part I - Eligibility for Detention**

The United States respectfully moves for pretrial detention pursuant to:

☐ **18 U.S.C. § 3142(f)(1) because the case involves–**

    ☐ **(A)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed.

    ❏ **(B)** an offense for which the maximum sentence is life imprisonment or death;

    ❏ **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 § 951 et seq.), or Chapter 705 of Title 46;

    ❏ **(D)** any felony, and the defendant has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses;

    ☐ **(E)** any felony that is not otherwise a crime of violence that involves a minor victim or that

1

involves the possession or use of a firearm or destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250.

■ **18 U.S.C. § 3142(f)(2) because the case involves–**

　■ **(A)** a serious risk that the defendant will flee;

　☐ **(B)** a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror.

### Part II - Presumptions under § 3142(e)

☐ **(A) Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

　☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

　　☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

　　☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

　　☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

　　☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in



subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses;**or**

❏ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; and

❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.§ 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Part III

The United States requests that the defendant be detained, and requests that the court find:

■ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

■ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following:

■ Weight of evidence against the defendant is strong

■ Subject to lengthy period of incarceration if convicted

■ Prior criminal history

■ Participation in criminal activity while on probation, parole, or supervision

■ History of violence or use of weapons

☐ History of alcohol or substance abuse

■ Lack of stable employment

■ Lack of stable residence

■ Lack of financially responsible sureties

■ Lack of significant community or family ties to this district

■ Significant family or other ties outside the United States

■ Lack of legal status in the United States

- ■ Subject to removal or deportation after serving any period of incarceration

- ■ Prior failure to appear in court as ordered

- ■ Prior attempt(s) to evade law enforcement

- ■ Use of alias(es) or false documents

- ■ Background information unknown or unverified

- ■ Prior violations of probation, parole, or supervised release

■ OTHER REASONS OR FURTHER EXPLANATION:

The Government seeks detention under 18 U.S.C. § 3142(f)(2) because there is a serious risk that the defendant will flee. As noted in the affidavit in support of the Criminal Complaint, the defendant is a citizen of the United Kingdom and does not have legal status in the United States.

The defendant's current family ties to Connecticut and the United States are unknown to the Government, and he has family ties, including parents, in the United Kingdom. He does not have any residence in Connecticut. He has largely lived a nomadic life in the United States for the last couple of years, with many arrests in several states between Connecticut and California, under several different aliases. As set forth in the complaint affidavit:

- In February 2025, he was arrested in Bridgeport under the name John Casey. He subsequently failed to appear in court.

- In September 2025, he was arrested in Washington state under the name John Joyce.

- In December 2025, he was arrested under the name Robert Davanzo in New Jersey.

- In January 2026, he was arrested in Washington state under the name John Joyce, while operating a vehicle with suspected Illinois license plates registered to John Casey.

The Government understands from Connecticut state authorities that the defendant has outstanding warrants in Danbury, CT, Washington state, Pennsylvania, and New York under various names.

In addition, the Government understands that the defendant is wanted in the United Kingdom for violating the conditions of his probation for a conviction under the name John Casey.

The defendant's financial resources and employment history in the United States are also unknown. Indeed, because he is unlawfully in the United States, he cannot obtain employment or lawfully work in the United States.

In addition, because he is in the country illegally, he faces near-certain deportation, regardless of the outcome of this federal criminal case, which provides an additional incentive to flee.

In short, the defendant poses a significant risk of flight. He uses multiple aliases, has a history of failing to appear in court, appears to have fled the United Kingdom where he is wanted by police, has no significant ties to the United States, let alone Connecticut, and has a recent history of being arrested in several different states.

Turning to the factors warranting detention, first the nature of the offense is serious. The defendant illegally reentered the country after being previously removed and warned not to reenter, which demonstrates that he cannot comply with the law or court orders. *See United States v. Aleman-Duarte*, No. 3:19-CR-149-PLR-DCP, 2020 WL 236870, at *5 (E.D. Tenn. Jan. 15, 2020) ("the Court finds that the nature of the crime—returning to the United States, despite prior removal from this country by court order—indicates that the Defendant is not disposed to follow the orders of this Court. Accordingly, the Court finds this factor weighs in favor of detention."); *United States v. Cobix-Espinoza*, 655 F. Supp. 3d 584, 595 (E.D. Ky. 2023) (quoting the same).

Second, as discussed in the complaint affidavit, the weight of the evidence is strong.

Third, as discussed above, the defendant's history and characteristics demonstrate that he poses a significant risk of flight given his use of various aliases and arrests in multiple states, his lack of ties to Connecticut, his prior failure to appear in Court, his flight from the United Kingdom where he was under a term of probation, his lack of legal status in the United States, his unknown financial resources and his inability to legally work in the United States, and his near-certain deportation regardless of the outcome of his pending federal case. This history further shows that he cannot abide by the law or conditions imposed upon him by the court.

Finally, the defendant presents a danger to the community if released. According to United Kingdom authorities, the defendant has an extensive history of violent domestic incidents. An Interpol notice has been issued for him which states, that the defendant "has extensive domestic violence history including rape, kidnapping, threats to kill, stalking, domestic violence."

In addition, while in the United States, he has had a series of arrests or other crimes, including larceny and fraud. The Second Circuit has indicated that safety under the Bail Reform Act extends to financial or pecuniary safety. *See United States v. Madoff*, 316 F. App'x 58, 59-60 (2d Cir. 2009). Indeed, several courts have considered non-physical harm—including economic harm—under the dangerousness prong of the bail inquiry. *See, e.g., United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. Jan. 29, 1992) (order) ("We further hold that danger may, at least in some cases, encompass pecuniary or economic harm."); *United States v. Provenzano*, 605 F.2d 85, 95 (3d Cir. 1979) ("We agree and hold that a defendant's propensity to commit crime generally, even if the resulting harm would be not solely physical, may constitute sufficient risk of danger to come within the contemplation of the [Bail Reform] Act."); *United States v. Gulkarov*, No. 22 CR. 20 (PGG), 2022 WL 205252, at *3 (S.D.N.Y. Jan. 24, 2022) ("Potential danger to any person or the community includes the risk that a defendant might cause financial or economic harm if granted pretrial release." (cleaned up)); *United States v. Zaragoza*, No. CR-08-0083 (PJH), 2008 WL 686825, at *3 (N.D. Cal. Mar. 11, 2008) ("In assessing danger, physical violence is not the only form of danger contemplated by the statute. Danger to the community can . . . even encompass pecuniary or economic harm."); *United States v. Schenberger*, 498 F. Supp. 2d 738, 742 (D.N.J. 2007) ("A danger to the community does not only include physical harm or violent behavior. The concept of 'safety' may include non-physical harm."); *United States v. Persaud*, No. 05-cr-368, 2007 WL 1074906, at *1 (N.D.N.Y. Apr. 5, 2007) (agreeing "that economic harm qualifies as a danger within the contemplation of Bail Reform Act"); *United States v. Gentry*, 455 F. Supp. 2d 1018, 1032 (D. Ariz. 2006) ("Danger, however,

may be assessed in terms other than the use of force or violence."); *United States v. Giordano*, 370 F. Supp. 2d 1256, 1270 (S.D. Fla. 2005) ("There can be no question that an economic danger, like that posed by a serial defrauder, falls under the broad umbrella of 'dangerousness' as that term is used throughout the Bail Reform Act."); *United States v. Harris*, 920 F. Supp. 132, 133 (D. Nev. 1996) ("Often it is economic or pecuniary interests of a community rather than physical ones which are most susceptible to repeated danger by a released defendant."); *United States v. Masters*, 730 F. Supp. 686, 689 (W.D.N.C. 1990) ("Defendant asserts that he does not pose a *physical* danger to the community. However, the Court believes it must also consider the danger of a person who continues to participate in possibly fraudulent schemes." (emphasis in original)).

Taken together, the Government submits that no condition or combination of conditions of release will reasonably the appearance of the defendant as required or the safety of the community.

## Part IV

The United States requests that the court conduct the detention hearing:

■ at the defendant's first appearance;

❒ after a continuance of 3 days, to the extent not otherwise postponed because of

defendant's present incarceration on unrelated state charges.

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:    (203) 821-3700
Email: neeraj.patel@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, a copy of the foregoing Motion was filed via CM/ECF and also sent my email to counsel for the defendant, Attorney Carly Levenson, and to United States Probation Officer Karen Rubiano.

*/s/ Neeraj N. Patel*
Neeraj N. Patel
Assistant United States Attorney